No. 24-2188

In the
United States Court of Appeals
for the Seventh Circuit

MICHELLE CORTEZ GOMEZ, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,
*Plaintiff-Appellant,*

v.

KOHL'S CORPORATION AND KOHL'S INC.,
*Defendants-Appellees.*

On Appeal from the United States District Court for the
Western District of Wisconsin, No. 3:23-cv-00678
Hon. James D. Peterson, United States District Judge

## DEFENDANTS-APPELLEES' RESPONSE BRIEF

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
  SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel.: (212) 735-3000

Lauri A. Mazzuchetti
Matthew F. Chakmakian
KELLEY DRYE & WARREN LLP
One Jefferson Road, Floor 2
Parsippany, NJ 07054
Tel.: (973) 503-5900

Matthew W. Wuest
Emma J. Jewel
GODFREY & KAHN S.C.
833 E. Michigan Street, Suite 1800
Milwaukee, WI 53202
Tel.: (414) 273-3500

James B. Saylor
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich St.
New York, NY 10007
Tel.: (212) 808-7800

*Counsel for Defendants-Appellees Kohl's Corp. & Kohl's, Inc.*

Save As          Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-2188

Short Caption: Cortez Gomez v. Kohl's Corp.

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Kohl's Corp. (Respondent-Appellee)

Kohl's Inc. (Respondent-Appellee)

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Kelley Drye & Warren LLP; Skadden, Arps, Slate, Meagher & Flom LLP; Godfrey & Kahn SC

(3)    If the party, amicus or intervenor is a corporation:

    i)        Identify all its parent corporations, if any; and

           Kohl's, Inc., is a wholly owned subsidiary of Kohl's Corp. Kohl's Corp. has no parent corporation.

    ii)      list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

           N/A for Kohl's Inc.  Blackrock, Inc. and Vanguard Group Inc. own 10% or more of Kohl's Corp.'s stock.

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Lauri A. Mazzuchetti    Date: 4/21/2025

Attorney's Printed Name: Lauri A. Mazzuchetti

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   **Yes** ☑  **No** ☐

Address: One Jefferson Road, 2nd Floor

Parsippany, New Jersey 07054

Phone Number: (973) 503-5910    Fax Number: (973) 503-5950

E-Mail Address: lmazzuchetti@kelleydrye.com

rev. 12/19 AK

Save As    Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-2188

Short Caption: Cortez Gomez v. Kohl's Corp.

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Kohl's Corp. (Respondent-Appellee)

Kohl's Inc. (Respondent-Appellee)

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Kelley Drye & Warren LLP; Skadden, Arps, Slate, Meagher & Flom LLP; Godfrey & Kahn SC

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        Kohl's, Inc., is a wholly owned subsidiary of Kohl's Corp. Kohl's Corp. has no parent corporation.

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A for Kohl's Inc.  Blackrock, Inc. and Vanguard Group Inc. own 10% or more of Kohl's Corp.'s stock.

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ James B. Saylor    Date: 4/21/2025

Attorney's Printed Name: James B. Saylor

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐  No ☑

Address: 3 World Trade Center, 175 Greenwich Street

New York, New York 10007

Phone Number: (212) 808-7800    Fax Number: (212) 808-7897

E-Mail Address: jsaylor@kelleydrye.com

rev. 12/19 AK

ii

Save As          Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-2188

Short Caption: Cortez Gomez v. Kohl's Corp.

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
 Kohl's Corp. (Respondent-Appellee)

 Kohl's Inc. (Respondent-Appellee)

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
 Kelley Drye & Warren LLP; Skadden, Arps, Slate, Meagher & Flom LLP; Godfrey & Kahn SC

(3)     If the party, amicus or intervenor is a corporation:

   i)          Identify all its parent corporations, if any; and

    Kohl's, Inc., is a wholly owned subsidiary of Kohl's Corp. Kohl's Corp. has no parent corporation.

   ii)         list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

    N/A for Kohl's Inc.  Blackrock, Inc. and Vanguard Group Inc. own 10% or more of Kohl's Corp.'s stock.

(4)     Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

 N/A

(5)     Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

 N/A

Attorney's Signature: /s/ Matthew Fitzgerald Chakmakian          Date: 4/21/2025

Attorney's Printed Name:  Matthew Fitzgerald Chakmakian

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).     **Yes** ☐  **No** ☑

Address:  One Jefferson Road, 2nd Floor

 Parsippany, New Jersey 07054

Phone Number: 973-503-5916          Fax Number:  (973) 503-5950

E-Mail Address: mchakmakian@kelleydrye.com

rev. 12/19 AK

iii

Save As          Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-2188

Short Caption: Cortez Gomez v. Kohl's Corp.

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐          **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
 Kohl's Corp. (Respondent-Appellee)

 Kohl's Inc. (Respondent-Appellee)

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
 Kelley Drye & Warren LLP; Skadden, Arps, Slate, Meagher & Flom LLP; Godfrey & Kahn SC


(3)     If the party, amicus or intervenor is a corporation:

   i)          Identify all its parent corporations, if any; and

    Kohl's, Inc., is a wholly owned subsidiary of Kohl's Corp. Kohl's Corp. has no parent corporation.

   ii)          list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

    N/A for Kohl's Inc.  Blackrock, Inc. and Vanguard Group Inc. own 10% or more of Kohl's Corp.'s stock.

(4)     Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
 N/A

(5)     Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
 N/A

Attorney's Signature: /s/ Meredith C. Slawe                    Date: 4/21/2025

Attorney's Printed Name:  Meredith C. Slawe

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).     **Yes** ☐   **No** ☑

Address:  One Manhattan West, 395 9th Ave., Floor 30

 New York, New York 10001

Phone Number: 212-735-3000                    Fax Number:  212-735-2000

E-Mail Address: meredith.slawe@skadden.com

rev. 12/19 AK

iv

**Save As**          **Clear Form**

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: <u>24-2188</u>

Short Caption: <u>Cortez Gomez v. Kohl's Corp.</u>

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
 <u>Kohl's Corp. (Respondent-Appellee)</u>

 <u>Kohl's Inc. (Respondent-Appellee)</u>

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
 <u>Kelley Drye & Warren LLP; Skadden, Arps, Slate, Meagher & Flom LLP; Godfrey & Kahn SC</u>

(3)    If the party, amicus or intervenor is a corporation:

    i)       Identify all its parent corporations, if any; and

        <u>Kohl's, Inc., is a wholly owned subsidiary of Kohl's Corp. Kohl's Corp. has no parent corporation.</u>

    ii)     list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        <u>N/A for Kohl's Inc.  Blackrock, Inc. and Vanguard Group Inc. own 10% or more of Kohl's Corp.'s stock.</u>

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

 <u>N/A</u>

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

 <u>N/A</u>

Attorney's Signature: <u>/s/ Michael W. McTigue Jr.</u>    Date: <u>4/21/2025</u>

Attorney's Printed Name: <u>Michael W. McTigue Jr.</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   **Yes** ☐  **No** ☑

Address: <u>One Manhattan West, 395 9th Ave., Floor 30</u>

 <u>New York, New York 10001</u>

Phone Number: <u>212-735-3000</u>    Fax Number: <u>212-735-2000</u>

E-Mail Address: <u>michael.mctigue@skadden.com</u>

rev. 12/19 AK

Save As     Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-2188

Short Caption: Cortez Gomez v. Kohl's Corp.

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
 Kohl's Corp. (Respondent-Appellee)

 Kohl's Inc. (Respondent-Appellee)

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
 Kelley Drye & Warren LLP; Skadden, Arps, Slate, Meagher & Flom LLP; Godfrey & Kahn SC

(3)     If the party, amicus or intervenor is a corporation:

   i)     Identify all its parent corporations, if any; and

    Kohl's, Inc., is a wholly owned subsidiary of Kohl's Corp. Kohl's Corp. has no parent corporation.

   ii)     list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

    N/A for Kohl's Inc.  Blackrock, Inc. and Vanguard Group Inc. own 10% or more of Kohl's Corp.'s stock.

(4)     Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
 N/A

(5)     Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
 N/A

Attorney's Signature: /s/ Kurt Wm. Hemr     Date: 4/21/2025

Attorney's Printed Name:  Kurt Wm. Hemr

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).     **Yes** ☐     **No** ☑

Address:  500 Boylston Street

 Boston, MA 02116

Phone Number: 617-573-4800     Fax Number:  617-573-4822

E-Mail Address: kurt.hemr@skadden.com

rev. 12/19 AK

vi

Save As          Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: <u>24-2188</u>

Short Caption: <u>Cortez Gomez v. Kohl's Corp.</u>

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

      ☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
 <u>Kohl's Corp. (Respondent-Appellee)</u>

 <u>Kohl's Inc. (Respondent-Appellee)</u>

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
 <u>Kelley Drye & Warren LLP; Skadden, Arps, Slate, Meagher & Flom LLP; Godfrey & Kahn SC</u>

(3)    If the party, amicus or intervenor is a corporation:

    i)      Identify all its parent corporations, if any; and

        <u>Kohl's, Inc., is a wholly owned subsidiary of Kohl's Corp. Kohl's Corp. has no parent corporation.</u>

    ii)     list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        <u>N/A for Kohl's Inc.  Blackrock, Inc. and Vanguard Group Inc. own 10% or more of Kohl's Corp.'s stock.</u>

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

 <u>N/A</u>

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

 <u>N/A</u>

Attorney's Signature: <u>/s/ Emma J. Jewell</u>     Date: <u>4/21/2025</u>

Attorney's Printed Name: <u>Emma J. Jewell</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   **Yes** ☐  **No** ☑

Address: <u>833 E. Michigan St., Ste. 1800</u>

     <u>Milwaukee, WI 53202</u>

Phone Number: <u>414-273-3500 ext. 5528</u>     Fax Number: <u>414-273-5198</u>

E-Mail Address: <u>ejewell@gklaw.com</u>

rev. 12/19 AK

Save As          Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-2188

Short Caption: Cortez Gomez v. Kohl's Corp.

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
Kohl's Corp. (Respondent-Appellee)

Kohl's Inc. (Respondent-Appellee)

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Kelley Drye & Warren LLP; Skadden, Arps, Slate, Meagher & Flom LLP; Godfrey & Kahn SC

(3)     If the party, amicus or intervenor is a corporation:

    i)          Identify all its parent corporations, if any; and

        Kohl's, Inc., is a wholly owned subsidiary of Kohl's Corp. Kohl's Corp. has no parent corporation.

    ii)         list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A for Kohl's Inc.  Blackrock, Inc. and Vanguard Group Inc. own 10% or more of Kohl's Corp.'s stock.

(4)     Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)     Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Matthew M. Wuest                    Date: 4/21/2025

Attorney's Printed Name:  Matthew M. Wuest

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).     **Yes** ☐   **No** ☑

Address:  833 E. Michigan St., Ste. 1800

Milwaukee, WI 53202

Phone Number:  414-273-3500 ext. 5244                    Fax Number:  414-273-5198

E-Mail Address:  mwuest@gklaw.com

rev. 12/19 AK

viii

# TABLE OF CONTENTS

**Page**

CIRCUIT RULE 26.1 DISCLOSURE STATEMENTS .........................................i

TABLE OF AUTHORITIES............................................................... xi

STATEMENT REGARDING ORAL ARGUMENT..................................... xiv

INTRODUCTION .........................................................................1

JURISDICTIONAL STATEMENT ......................................................4

STATEMENT OF ISSUES ...............................................................5

STATEMENT OF THE CASE............................................................6

    A.    Plaintiff's Counsel's Underlying Mass Arbitration Scheme ........6

    B.    Plaintiff Purchased Items from Kohl's Website, and Received the Items She Ordered for the Price She Agreed to Pay ...................................................................7

    C.    Plaintiff Sued, Alleging She Was Injured Because the Items She Purchased Were Not Worth More Than She Paid ...................................................................8

    D.    Kohl's Moved to Dismiss Pursuant to Rule 12(b)(6) Because, Inter Alia, Plaintiff Failed to Allege a "Pecuniary Loss" ..........................................................10

    E.    The District Court Ordered Plaintiff to Supplement the Complaint's Allegations of The Amount in Controversy ..........10

    F.    The District Court Dismissed Plaintiff's Complaint Because She Did Not, And Could Not, Plead A Pecuniary Loss ...................................................................12

SUMMARY OF ARGUMENT ..........................................................14

STANDARD OF REVIEW ..............................................................17

ARGUMENT...............................................................................18

I.    The District Court Properly Dismissed Plaintiff's Complaint Because Plaintiff Did Not Allege That She Suffered a Pecuniary Loss ...................................................................18

    A.    "Pecuniary Loss" is an Essential Element of WUTPA Claims, Distinct from an Alleged Regulatory Violation ............18

**TABLE OF CONTENTS**
(continued)

**Page**

B.    The District Court Based Its Holding that Plaintiff Could Not Allege a Pecuniary Loss on Well-Reasoned Decisions from Wisconsin and Other Jurisdictions .......................................20

C.    Plaintiff Conflates the Elements of Her Cause of Action ...........27

D.    The Other Cases That Plaintiff Relies on are Inapposite, and Demonstrate the Insufficient Nature of Plaintiff's Injury .......................................................................................32

      1.    *Kaskin v. John Lynch Chevrolet-Pontiac Sales* .............33

      2.    *Mueller v. Henry Kaufman Motorcars, Inc.* ...................35

      3.    *Benkoski v. Flood* ............................................................36

      4.    *Clark v. Eddie Bauer* ......................................................37

II.    The District Court Correctly Held That It Did Not Have Subject-Matter Jurisdiction .........................................................39

III.    Alternatively, This Court Can and Should Affirm The District Court's Dismissal Because Plaintiff Failed To State A Claim Under Rule 12(b)(6) .....................................................................43

CONCLUSION ....................................................................................45

CERTIFICATE OF COMPLIANCE ...................................................46

CERTIFICATE OF SERVICE .............................................................47

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Banks v. Sec'y of Ind. Fam. & Soc. Servs. Admin.,*
    997 F.2d 231 (7th Cir. 1993) ...................................................................5

*Benkoski v. Flood,*
    626 N.W.2d 851 (Wis. Ct. App. 2001) ..........................................36, 37

*Benson v. Fannie May Confections Brands, Inc.,*
    944 F.3d 639 (7th Cir. 2019) ...........................................24, 38, 44

*Bernal, et al., v. Kohl's Corp., et al.,*
    749 F. Supp. 3d 971 (E.D. Wis. 2024) .......................................6

*Bernal, et al. v. Kohl's Corp., et al.,*
    No. 24-2806 (7th Cir. 2024) ........................................................6

*Brill v. Countrywide Home Loans, Inc.,*
    427 F.3d 446 (7th Cir. 2005) ...................................................40

*Camasta v. Jos. A. Bank Clothiers, Inc.,*
    761 F.3d 732 (7th Cir. 2014) ...............................2, 22, 23, 38, 44

*Clark v. Eddie Bauer LLC,*
    532 P.3d 880 (Or. 2023) ............................................................37

*Coleman v. Picture Perfect Cable, Inc.,*
    No. 2023AP448, 2024 WL 3982694 (Wis. Ct. App. 2024) ...........19, 20, 29

*Democratic Party of Wisconsin v. Vos,*
    966 F.3d 581 (7th Cir. 2020) ....................................................17

*Dix v. Edelman Fin. Servs., LLC,*
    978 F.3d 507 (7th Cir. 2020) ....................................................43

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Gerboc v. ContextLogic, Inc.*,
  867 F.3d 675 (6th Cir. 2017).......................................................................26, 44

*Hennessey v. Gap, Inc.*,
  86 F.4th 823 (8th Cir. 2023)...........................................................24, 25, 31, 44

*Hill v. Potter*,
  352 F.3d 1142 (7th Cir. 2003).............................................................................5

*Hoffman v. Gribble*,
  988 N.W. 2d 294 (Wis. Ct. App. 2023).....................................................19, 22

*K&S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*,
  732 N.W.2d 792 (Wis. 2007) ...................................................................27, 28, 29

*Kaskin v. John Lynch Chevrolet-Pontiac Sales, Inc.*,
  767 N.W.2d 394 (Wis. Ct. App. 2009)......................................................19, 33

*Kim v. Carter's, Inc.*,
  598 F.3d 362 (7th Cir. 2010)..............................................................2, 22, 23

*Leigh-Pink v. Rio Props., LLC*,
  512 P.3d 322 (Nev. 2022) ...................................................................................26

*Mueller v. Harry Kaufmann Motorcars, Inc.*,
  859 N.W.2d 451 (Wis. Ct. App. 2014)................................................28, 35, 36

*Mulder v. Kohl's Dep't Stores, Inc.*,
  865 F.3d 17 (1st Cir. 2017) .................................................................................26

*Page v. Democratic Nat'l Comm.*,
  2 F.4th 630 (7th Cir. 2021)...............................................................................39

*Parker v. U.S. Dep't of Hous. & Urb. Dev.*,
  No. 24-2567, 2025 WL 654977 (7th Cir. Feb. 28, 2025)................................43

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Robey v. SPARC Grp. LLC,*
  311 A.3d 463 (N.J. 2024)..................................................................26, 32

*Shaulis v. Nordstrom, Inc.,*
  865 F.3d 1 (1st Cir. 2017) .................................................................25, 26

*Slaney v. The Int'l Amateur Athletic Fed'n,*
  244 F.3d 580 (7th Cir. 2001)....................................................................17

*St. Paul Mercury Indem. Co. v. Red Cab Co.,*
  303 U.S. 285 (1938)..................................................................................40

*Sykes v. Cook Inc.,*
  72 F.4th 195 (7th Cir. 2023)......................................................39, 40, 41, 43

*Weitzenkamp v. Unum Life Ins. Co. of Am.,*
  661 F.3d 323 (7th Cir. 2011)....................................................................17

*Zapadinsky v. Blue Diamond Growers,*
  No. 23-cv-231, 2023 WL 5116507 (E.D. Wis. Aug. 7,
  2023)………………………………………………….. 21, 22, 29, 30, 38

*In re Zimmer, NexGen Knee Implant Prods. Liab. Litig.,*
  884 F.3d 746 (7th Cir. 2018)....................................................................27

**Statutes**

Wis. Stat. Ann. § 100.20 ...............................................................*passim*

## STATEMENT REGARDING ORAL ARGUMENT

Defendants-Appellees, Kohl's Corporation and Kohl's, Inc. (collectively, "Kohl's"), submit this statement regarding oral argument in accordance with Federal Rule of Appellate Procedure 34(a) and Circuit Rule 34(f). This appeal presents a straightforward application of the Court's holdings in *Kim v. Carter's Inc.*, 598 F.3d 362 (7th Cir. 2010), and *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732 (7th Cir. 2014). In those cases, this Court held that allegations nearly identical to the ones that Plaintiff-Appellant makes here do not establish a "pecuniary loss" under Illinois law. Because Wisconsin law uses the same "pecuniary loss" standard, the application of which is the crux of the district court's decision, this Court need only follow its prior decisions that decided the analogous question. Kohl's thus respectfully submits that oral argument is unnecessary.

## INTRODUCTION

Wisconsin's Unfair Trade Practices Act ("WUTPA"), like the comparable acts of many other states, requires consumers to plead and prove a "pecuniary loss."  In the context of a retail sale, a pecuniary loss generally means that the product that the consumer purchased is worth less than the price paid.  Even where a consumer alleges that a regulation has been violated, the WUTPA does not permit any claim or recovery unless the consumer suffered a pecuniary loss *because of* the purported violation.

Here, Plaintiff-Appellant Michelle Cortez Gomez ("Plaintiff") asks this Court to disregard that statutory requirement as well as this Court's squarely applicable precedent.  Plaintiff—as part of her counsel's broader multi-pronged mass arbitration and litigation attack against Kohl's—filed a putative class action asserting claims under the WUTPA and for unjust enrichment based on purchases that she made on the Kohl's website.  There is no dispute that Plaintiff received from Kohl's exactly the items that she ordered at exactly the price that was offered.  She does not contend that the items that she purchased differed from what she expected in material or quality or that they were worth less than the price she paid.  Rather, Plaintiff claims that the items were offered "on sale" at a discount from a "regular"

- 1 -

or "original" price, but (according to Plaintiff) Kohl's rarely sells its products at those "regular" prices.  Plaintiff claims that she believed that she was getting a "deal" and that she would not have bought the merchandise if she had known that the "regular" or "original" prices were not the recent selling prices of the items.

This Court has twice rejected such "false reference price" claims for failure to allege a pecuniary loss.  In *Kim v. Carter's, Inc.*, 598 F.3d 362 (7th Cir. 2010), and *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732 (7th Cir. 2014), plaintiffs advanced false reference price allegations substantially identical to those advanced here against retailer defendants under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").  Like the WUTPA, the ICFA requires plaintiffs to plead that they suffered a "pecuniary loss" as a result of the challenged practices to sustain a claim.  In *Kim* and *Camasta*, this Court affirmed the district courts' pleading-stage dismissals for failure to allege a pecuniary loss, as the ICFA requires.  As this Court recognized, the pecuniary-loss standard is not satisfied by allegations that plaintiffs would not have made a purchase (or would have paid less) if they did not believe they were receiving a discount from a higher—but allegedly false—reference price.  Rather, plaintiffs must plausibly allege that

- 2 -

the merchandise was defective or otherwise actually worth less than what they paid. There was no such allegation in *Kim* or *Camasta*, and there is no such allegation here.

This Court should reach the same result in this case and affirm the district court's dismissal of Plaintiff's Complaint. The district court correctly concluded that Plaintiff did not suffer any pecuniary loss because she received exactly the products that she ordered at exactly the price that she agreed to pay. Relying upon this Court's rulings, the district court explained that "not receiving a 'deal' does not qualify as a pecuniary loss." Although the district court could have dismissed Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), as the district courts did in *Kim* and *Camasta*, the district court here found that in the absence of a well-pleaded pecuniary loss, it was "legally impossible for [Plaintiff] to satisfy the $5,000,000 amount in controversy" requirement for subject-matter jurisdiction under the Class Action Fairness Act ("CAFA").

The district court could have dismissed this action either for lack of subject-matter jurisdiction or for failure to state a claim, but in any event its conclusion was sound: Plaintiff's allegation that she was purportedly deceived into purchasing items that were "worth more than what she paid"

- 3 -

does not support a claim under the WUTPA or for unjust enrichment under Wisconsin law. This Court should affirm the district court's dismissal and may do so on either ground.

## JURISDICTIONAL STATEMENT

Plaintiff's Jurisdictional Statement is not complete or correct. *See* Cir. R. 28(b). Plaintiff purported to plead diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d). Plaintiff is a citizen of Wisconsin; Kohl's Corporation is a Wisconsin corporation with its principal place of business in Wisconsin; and Kohl's, Inc. is a Delaware corporation with its principal place of business in Wisconsin. (SA-006–07.) Plaintiff alleged that there was minimal diversity because at least one proposed class member (Kirsten Jensen, a California citizen) was a citizen of a different state than Kohl's. (SA-068.)

But as the district court found in a July 9, 2024 decision, because Plaintiff suffered no pecuniary loss as a matter of law, it was "legally certain" that Plaintiff and the absent class could not recover more than the $5,000,000 jurisdictional minimum. (RSA-001–09.) On this basis, the district court correctly declined to retain jurisdiction over the case. (*Id.* (citing *Sykes v. Cook Inc.*, 72 F.4th 195, 206 (7th Cir. 2023)).

Although the district court held that it lacked subject-matter

jurisdiction over the case because Plaintiff suffered no pecuniary loss and therefore could not recover on her claims, this Court has jurisdiction to review the dismissal of an action for lack of subject-matter jurisdiction because that dismissal is a final judgment. *See Banks v. Sec'y of Ind. Fam. & Soc. Servs. Admin.*, 997 F.2d 231, 237 (7th Cir. 1993) ("This court has jurisdiction over this appeal because dismissal of an action for lack of subject matter jurisdiction is a final judgement"); *see also Hill v. Potter*, 352 F.3d 1142, 1144–45 (7th Cir. 2003) ("The test [for finality] is whether the district court has finished with the case."). This Court, therefore, has jurisdiction to hear this appeal of the district court's order pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

**1.** Whether the district court properly concluded that Plaintiff did not suffer a pecuniary loss under Wisconsin law.

**2.** Whether the district court properly dismissed this action for lack of subject-matter jurisdiction.

**3.** Whether this Court should affirm the district court's ruling on the alternative ground that Plaintiff's failure to plead pecuniary loss warranted dismissal under Rule 12(b)(6).

- 5 -

## STATEMENT OF THE CASE

### A.    Plaintiff's Counsel's Underlying Mass Arbitration Scheme

Plaintiff's opening brief ignores the backdrop to this litigation: her counsel's purported representation of 54,495 individuals with identical putative pricing claims against Kohl's. Plaintiff's counsel filed 54,495 arbitration demands against Kohl's with the American Arbitration Association (the "AAA") asserting the same claims advanced here. The AAA declined to administer those arbitrations, and a Wisconsin federal court denied a petition to compel arbitration filed on behalf of a handful of those arbitration claimants. *See Bernal, et al., v. Kohl's Corp., et al.*, 749 F. Supp. 3d 971, 976 (E.D. Wis. 2024) (denying the motion to compel arbitration against Kohl's).[1] Plaintiff filed this action shortly after the AAA declined to administer those arbitrations, curiously seeking to represent a class of persons that excludes the 54,495 individuals on whose behalf her counsel sought to arbitrate.

---

[1]    *Bernal* is currently on appeal before this Court. *See Bernal, et al. v. Kohl's Corp., et al.*, No. 24-2806 (7th Cir. 2024).

**B.     Plaintiff Purchased Items from Kohl's Website, and Received the Items She Ordered for the Price She Agreed to Pay**

Kohl's is a major national retailer founded and headquartered in Wisconsin.  It sells products in its brick-and-mortar stores throughout the United States, on Kohls.com, and via the Kohl's mobile application.  (*See Cortez Gomez v. Kohl's Corp., et al.*, No. 3:23-cv-00678, Dkt. No. 16 at 4 (W.D. Wis. Oct. 2, 2023)).  Kohl's sells apparel, shoes, home goods (kitchen, bed, and bath), furniture, jewelry, and beauty products.  (*Id.*)  Kohl's offers many well-known national brands, which account for the majority of its sales, as well as its own private and exclusive brands.  (*Id.*)

Plaintiff alleges that she "has been a frequent Kohl's shopper for a number of years" and that she made numerous purchases from the Kohl's website.  (SA-014, ¶ 36.)  This case concerns some of those purchases. Plaintiff alleges that on March 19, 2022, she shopped on the Kohl's website and purchased Adidas Leggings (for $26.25), Adidas Sneakers (for $48.74), and a Shark Vacuum (for $229.99).  (SA-0014 ¶ 37.)  On May 6, 2022 and November 26, 2022, Plaintiff again shopped on the Kohl's website and purchased a portable waterproof speaker (for $99.99) and a t-shirt (for $9.99). (SA-0015–16 ¶¶ 42, 45.)  Plaintiff contends that each of those items, as well

as other unidentified items that she claims to have purchased at Kohl's, were advertised as having a "regular" or "original price" that was higher than the sale prices at which they were offered to Plaintiff.  (SA-0014-15 ¶¶ 37–41.)

Plaintiff does not dispute that she paid the advertised sale prices for each of the items that she contends are at issue in this case.  Plaintiff does not allege that she experienced any problems with any of the items that she purchased or that they otherwise failed to meet her expectations.  Nor does Plaintiff allege that the merchandise was materially different than what she intended to purchase, that the merchandise was completely worthless, or that the merchandise was worth less than she paid for it.  Plaintiff received exactly the items that she ordered for exactly the prices that she agreed to pay for them.

## C. Plaintiff Sued, Alleging She Was Injured Because the Items She Purchased Were Not Worth More Than She Paid

Despite receiving the items that she ordered at the prices that she agreed to pay, Plaintiff filed a lawsuit alleging that Kohl's "regular" and "original" prices were "false and misleading price comparisons, and offers of discounts."  (SA-001.)  In her putative class action Complaint, Plaintiff asserted claims under Section 100.20(5) of the WUTPA, based on Kohl's

alleged violation of certain regulations promulgated by the Wisconsin Department of Agriculture, Trade and Consumer Protection ("Wisconsin Administrative Code"), and for unjust enrichment.

Relevant here, Plaintiff alleges that she "suffered monetary damages because she did not receive products worth the higher values Kohl's represented she would receive," *i.e.*, products worth the allegedly false "regular" and "original" prices. (SA-015 ¶ 40.) Plaintiff's allegations of injury all concern her disappointment that the items that she purchased were (according to Plaintiff) not worth more than the price she paid. (*See, e.g.*, SA-014 ¶ 37 (alleging Plaintiff was "misled as to the higher value of the products . . . and did not receive products worth the amount that Kohl's represented"); SA-015 ¶ 39 ("[T]he prevailing market price, and therefore actual value of each item was materially lower" than the allegedly false 'Regular' or 'Original' prices."); SA-016 ¶ 41 ("[T]he higher advertised comparison prices were false, misleading and did not reflect the actual value of each item."); SA-016 ¶ 44.)

Plaintiff does not make any factual allegations in her Complaint to support her claim that she suffered some pecuniary loss. Rather, she alleges that "[a]bsent the false price-comparison scheme," "[she] would not have

- 9 -

bought the merchandise she bought from Kohl's and/or she would not have paid the prices she paid to purchase such merchandise." (SA-014 ¶ 37.)

### D. Kohl's Moved to Dismiss Pursuant to Rule 12(b)(6) Because, *Inter Alia*, Plaintiff Failed to Allege a "Pecuniary Loss"

On January 3, 2024, Kohl's filed a motion to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim because, among other things, Plaintiff failed to plead that she suffered any pecuniary loss. (*See Cortez Gomez*, No. 3:23-cv-00678, Dkt. No. 16 at 9–12.) Kohl's moved, in the alternative, to strike Plaintiff's class allegations because her counsel's conflict associated with their representation of tens of thousands of putative arbitration claimants, and other fatal deficiencies, demonstrated that Plaintiff's case was not appropriate for class treatment. (*Id.* at 14–25.)

### E. The District Court Ordered Plaintiff to Supplement the Complaint's Allegations of The Amount in Controversy

"While the [district court] was reviewing [Kohl's] motions, it uncovered another issue: subject-matter jurisdiction." (RSA-001.) The district court explained that the Complaint as pleaded did not establish that the court had subject-matter jurisdiction:

Plaintiff has filed a proposed class action, alleging that defendant induces consumers into making purchases by falsely advertising products as "on sale" when they are actually being sold at their

- 10 -

regular price.  Plaintiff is asserting state-law claims only, which means that at least one member of the proposed class must be a citizen of a different state from defendant, and the amount in controversy must be more than $5,000,000.  28 U.S.C. § 1332(d).  The court of appeals has interpreted § 1332(d) as requiring the proponent of jurisdiction to both identify a specific proposed class member who has citizenship that is diverse from the defendant, *Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019), and to tell a "plausible story about how the amount in controversy exceed[s] the statutory minimum." *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021).  ***The complaint does not satisfy either requirement; it contains only conclusory allegations about jurisdiction.***  [*Cortez Gomez*, No. 3:23-cv-00678,] Dkt. [1], ¶¶ 17-19.  Plaintiff may have until July 2 to file a supplement to the complaint that complies with circuit law on § 1332(d).

(SA-086 (emphasis added).)  The court ordered that Plaintiff supplement the Complaint with respect to the relief sought and the amount in controversy.

In response, Plaintiff contended with respect to the $5,000,000 required for CAFA jurisdiction that she would not have purchased the products if she had known the truth about the allegedly false reference prices, and that she and absent class members are "entitl[ed]" under Wisconsin law to "damages that may include double the full purchase prices paid for Kohl's products, as well as costs and attorneys' fees."  (SA-069.)  She argued that it was reasonable to infer that more than $5,000,000 was at stake because the proposed class consisted of anyone in the United States who bought a "sale"

- 11 -

item from Kohl's online between November 2020 and May 2023, and Kohl's made more than $5 billion annually in online sales. (*Id.*)

### F.    The District Court Dismissed Plaintiff's Complaint Because She Did Not, And Could Not, Plead A Pecuniary Loss

On July 9, 2024, the district court entered an order dismissing Plaintiff's Complaint for lack of subject-matter jurisdiction, finding it was "legally impossible" for Plaintiff and the putative class to recover an amount more than CAFA's jurisdictional minimum. (RSA-008–09.) The district court based its conclusion on Plaintiff's failure to allege a "pecuniary loss" under the WUTPA because she "[did] not allege that any product she purchased was worth less than what she paid, only that she believed it was worth more than what she paid." (RSA-005.) As the district court properly found, "not receiving a 'deal' does not qualify as a pecuniary loss." (*Id.*)

In reaching that conclusion, the district court relied in part on *Kim* and *Camasta*, in which this Court held that plaintiffs asserting similar claims based on allegedly false reference prices did not allege a "pecuniary loss" necessary to assert a claim under Illinois law (the ICFA). Observing that the ICFA and WUTPA share the same "pecuniary loss" requirement, the district court looked to *Kim* and *Camasta* in addressing Plaintiff's claims:

- 12 -

Like the [WUTPA], the statute at issue in *Kim* requires plaintiffs to show that they suffered a "pecuniary loss." [*Kim*, 598 F.3d] at 365. The plaintiffs in *Kim* alleged that a retailer used price tags displaying "suggested prices," frequently accompanied by an advertised percentage discount off of that amount. *Id.* at 363. The plaintiffs argued that these advertisements gave consumers the impression that they were receiving a "deal" on the merchandise when, in fact, the "suggested prices" were inflated in order to sell products at a regular price without actual savings. *Id.* The court of appeals concluded that the plaintiffs had not suffered a pecuniary loss because they "got the benefit of their bargain." In other words, the plaintiffs agreed to pay a certain price for the defendant's merchandise, did not allege the merchandise was defective or worth less than what they actually paid, and did not allege that they could have shopped around and found a better price in the marketplace. *Id.* at 365–66.

In *Camasta v. Jos. A Bank Clothiers, Inc.*, 761 F.3d 732 (7th Cir. 2014), and *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 648 (7th Cir. 2019), the court held that the same reasoning applies even when the plaintiff alleges that she would not have purchased the product had she known about the false advertising. The question is whether the customer paid more than "the actual value of the merchandise received." *Benson*, 944 F.3d at 648; *Camasta*, 761 F.3d at 735, 740. If not, there is no pecuniary loss.

(RSA-004–005.) The district court also recognized that another Wisconsin federal court interpreting the WUTPA reached the same conclusion with respect to pecuniary loss. (RSA-006 (citing *Zapadinsky v. Blue Diamond Growers*, No. 23-cv-231, 2023 WL 5116507, at *7–8 (E.D. Wis. Aug. 7, 2023)).)

The district court rejected Plaintiff's reliance on Wisconsin state court cases holding that in certain instances a refund is an appropriate remedy under the WUTPA. In each of those cases, "the plaintiff did not get what she paid for or was otherwise harmed in some way beyond just a misrepresentation." (RSA-006–07.)

With respect to Plaintiff's unjust enrichment claim, the district court ruled that Plaintiff "[did] not allege that the products she purchased were worth less than what she paid, so she cannot recover damages under an unjust enrichment theory." (RSA-008.)

The district court therefore concluded "that it [was] legally impossible for [Plaintiff] to satisfy the $5,000,000 amount in controversy" and dismissed the action for lack of subject-matter jurisdiction. (RSA-008.)

## SUMMARY OF ARGUMENT

The Court should affirm the dismissal of Plaintiff's Complaint because the district court correctly concluded that Plaintiff did not, and could not, allege a pecuniary loss under the WUTPA.

**1.** As to every one of Plaintiff's purchases alleged in the Complaint, it is undisputed that Plaintiff received the items that she purchased for the prices that she agreed to pay. Plaintiff does not complain about the quality,

- 14 -

material, or any other characteristics of the items she purchased. Nor does she allege that they were worth less than the prices she agreed to pay. Plaintiff alleges that she was damaged because the items that she purchased were not worth the higher "regular" or "original" prices that Kohl's allegedly represented them to be worth. But the fact that Plaintiff did not receive items of higher value than she paid does not support a pecuniary loss under the WUTPA or a claim for unjust enrichment.

**2.** The district court's holding is supported by the WUTPA's plain text and relevant case law interpreting Wisconsin law and the statutes of other states with similar "pecuniary loss" requirements. This Court has twice held that allegations substantially identical to Plaintiff's allegations here do not establish a pecuniary loss. And the First, Sixth, and Eighth Circuits (and several state courts) have all reached the same conclusion under various other states' consumer-protection statutes. The district court thoroughly analyzed and followed those well-reasoned decisions.

**3.** Plaintiff does not even try to distinguish the cases supporting the district court's decision, let alone confront their reasoning. Instead, Plaintiff takes issue with the district court's consideration of cases decided outside Wisconsin. Putting aside the fact that the district court's decision is

supported by the WUTPA and Wisconsin caselaw, it is not improper for a court to look to persuasive authority from other jurisdictions. Moreover, the Wisconsin cases on which Plaintiff relies all demonstrate that the type of damages that she seeks are only available in cases where "the plaintiff did not get what she paid for or was otherwise harmed in some way beyond a misrepresentation." (RSA-007.) Because Plaintiff cannot make any allegations of that sort, she did not and cannot allege a pecuniary loss.

**4.** This Court may affirm the district court's dismissal of Plaintiff's Complaint on any grounds supported by the record: whether that be for lack of subject-matter jurisdiction, or for failure to state a claim. Here, the district court properly dismissed Plaintiff's Complaint for lack of subject-matter jurisdiction. This Court has held that a district court must find and weigh "jurisdictional facts" to determine whether subject matter jurisdiction exists. That is precisely what the district court did here when it found Plaintiff's inability to allege a pecuniary loss rendered it "legally impossible" for her to satisfy CAFA's jurisdictional minimum of $5,000,000. It follows from that jurisdictional analysis that Plaintiff's lack of pecuniary loss renders her claims for violation of the WUTPA and unjust enrichment deficient as a

matter of law, and subject to dismissal for failure to state a claim.  The Court can therefore affirm the district court's dismissal on either ground.

## STANDARD OF REVIEW

This Court reviews a district court's decision to dismiss a case based on a lack of subject-matter jurisdiction *de novo*.  *See Democratic Party of Wisconsin v. Vos*, 966 F.3d 581, 584 (7th Cir. 2020).  As part of its *de novo* review, this Court may affirm the district court's "dismissal on any ground supported by the record, even if different from the grounds relied upon by the district court."  *Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001); *accord Weitzenkamp v. Unum Life Ins. Co. of Am.*, 661 F.3d 323, 332 (7th Cir. 2011) (appellee may properly raise alternate grounds for affirming a district court decision in the primary appeal, without cross-appealing).  Thus, this Court may properly affirm dismissal either because it is "legally impossible" for Plaintiff to meet the jurisdictional minimum (*i.e.*, Plaintiff failed to allege facts on which jurisdiction can be based) or because Plaintiff has failed to state a claim under Rule 12(b)(6).

- 17 -

## ARGUMENT

**I.**　**The District Court Properly Dismissed Plaintiff's Complaint Because Plaintiff Did Not Allege That She Suffered a Pecuniary Loss**

The district court properly found that Plaintiff failed to allege a pecuniary loss under Wisconsin law.  Plaintiff asks this Court to dispose of pecuniary loss as an element of a WUTPA claim and assume that a pecuniary loss exists simply because a regulatory violation is alleged.  That is contrary to the WUTPA's plain text and Wisconsin law.  The district court's holding that Plaintiff failed to allege a pecuniary loss where she did not contend that the items that she purchased were worth less than the price that she paid is supported by Wisconsin law and the decisions of this Court and other Circuit Courts of Appeals interpreting the law of states with similar injury requirements.  Plaintiff has not cited, and cannot cite, any Wisconsin law to the contrary.

**A.**　**"Pecuniary Loss" is an Essential Element of WUTPA Claims, Distinct from an Alleged Regulatory Violation**

The WUTPA provides for a limited private right of action available only to an individual who "suffer[ed] [a] pecuniary loss because of a violation" of a promulgated regulation.  Wis. Stat. Ann. § 100.20(5).  Wisconsin courts have consistently held that Wis. Stat. § 100.20(5)

unambiguously provides that where there is a violation of a regulation, but no resulting pecuniary loss, there is no claim or recovery available under the WUTPA. *See Hoffman v. Gribble*, 988 N.W. 2d 294, ¶13 (Wis. Ct. App. 2023) ("a party asserting a pecuniary loss for the purposes of Wis. Stat. § 100.20(5) must show that there is a causal connection between a prohibited trade practice . . . and the damage incurred." (quoting *Grand View Windows, Inc., v. Brandt*, 837 N.W.2d 611, 618 (Wis. Ct. App. 2013))); *Kaskin v. John Lynch Chevrolet-Pontiac Sales, Inc.*, 767 N.W.2d 394, 399 (Wis. Ct. App. 2009) ("We have no quarrel with the assertion that a violation of the code must 'cause' a pecuniary loss to the consumer. In fact, that is exactly what the statute and the code mean to say.").

For example, in *Coleman v. Picture Perfect Cable, Inc.*, No. 2023AP448, 2024 WL 3982694, at *4, (Wis. Ct. App. 2024), the Wisconsin Court of Appeals vacated and reversed a trial court award where the consumer had proved a violation of the Wisconsin Administrative Code but had not demonstrated any pecuniary loss resulting from that violation. The *Coleman* court reiterated that it is well-settled law that "[a] party asserting a pecuniary loss for the purposes of . . . § 100.20(5) must show that there is a causal connection between a prohibited trade practice under [the Administrative Code] and

- 19 -

the damage incurred" and that when a consumer cannot do so, "the consumer could not recover under § 100.20(5)." *Id.* at \*3–4.

The same result was reached in *Grand View*, where a contractor sued a homeowner to recover a final payment for work. 837 N.W.2d at 614. The homeowner refused to make that payment and counterclaimed, alleging breach of contract and numerous violations of the Wisconsin Administrative Code. *Id.* at 614–15. The Court of Appeals held that although the homeowner had proven that the contractor violated the Wisconsin Administrative Code, he could not recover under the WUTPA because he had not suffered any damages because of the contractor's violation. *Id.* at 620.

In sum, to bring a private cause of action under the WUTPA, Plaintiff cannot merely allege a violation of Wisconsin's price comparison regulations but must also allege that she suffered a pecuniary loss. She has not and cannot do that.

## B. The District Court Based Its Holding that Plaintiff Could Not Allege a Pecuniary Loss on Well-Reasoned Decisions from Wisconsin and Other Jurisdictions

Pleading "pecuniary loss" under Wisconsin law required Plaintiff to allege more than she "would not have purchased" items from Kohl's absent

the allegedly deceptive "regular" and "original" prices to which she claims she was exposed.  Plaintiff does not allege that she paid more for the items that she purchased from Kohl's than they were worth—only that she is disappointed that they were not worth the higher value she placed on them as a result of the "regular" and "original" prices.  This type of alleged "injury" has been rejected by courts in Wisconsin and around the country.

The district court was not the first court to consider allegations of injury under the WUTPA where the plaintiff alleged that he "would not have purchased" a product absent an allegedly deceptive practice.  In *Zapadinsky*, the plaintiff alleged that "Smokehouse Almonds" were deceptively labeled because they were not made in a smokehouse; the almonds got their smoky flavor from a seasoning, not exposure to actual smoke.  2023 WL 5116507, at *2.  The plaintiff could not plausibly allege a price premium and was left with the bare allegation that he would not have purchased the product absent the alleged misrepresentation.  *Id.* at *5–6.  The court found that allegation insufficient to establish pecuniary loss under the WUTPA.  *Id.* at *6.  Wisconsin law, the court explained, rejects "the proposition that 'the consumer's pecuniary loss [under the WUTPA] is all payments made while

- 21 -

subjected to an unfair trade practice.'" *Id.* (quoting *Hoffman*, 988 N.W.2d at ¶ 22).[2]

The district court's decision here, and the *Zapadinsky* decision before it, joined a chorus of decisions from this Court and other Circuit Courts of Appeals holding that consumers do not suffer a pecuniary loss when they purchase a product under a false belief that the product is on sale, even when a plaintiff alleges that she would not have purchased the product had she known about the purported false advertising.

This Court considered similar allegations of allegedly false reference prices twice, in *Kim v. Carter* and *Camasta v. Jos A. Bank*. *Kim*, 598 F.3d at 363; *Camasta*, 761 F.3d at 735. These decisions analyzed the ICFA, which like the WUTPA, similarly permits a private right of action only to a person who has suffered "pecuniary loss" as a result of an unfair or deceptive act.

---

[2] Plaintiff claims that the district court improperly "gave more weight" to the 2023 decision *Zapadinsky* than a decision from 2016, *Murillo v. Kohl's Corp.*, 197 F. Supp. 3d 1119 (E.D. Wis. 2016). But the district court properly recognized that (1) the *Murillo* court provided no reasoning for its apparent assumption of pecuniary loss; (2) *Zapadinsky* was decided seven years after *Murillo*, by the same judge; and, (3) *Zapadinsky*, unlike *Murillo*, provided reasoning for its decision on pecuniary loss. (RSA-007 n.2.)

In *Kim*, the plaintiffs alleged that clothing items that were listed at a 30% discount at an outlet store were not actually discounted because the outlet store never charged the non-discounted price. 598 F.3d at 363. This Court affirmed the district court's dismissal of the plaintiffs' claims because the plaintiffs "agreed to pay a certain price for Carter's clothing;" the plaintiffs did not allege that the clothing "was defective or worth less than what they actually paid;" and they did not allege that absent Carter's purported deception, they "could have shopped around and obtained a better price in the marketplace." *Id.* at 365. This Court therefore concluded that the plaintiffs "got the benefit of their bargain and suffered no actual pecuniary harm." *Id.* at 366. The same is true here.

In *Camasta*, the plaintiff alleged that a "buy one shirt, get two shirts free" promotion was a fictious price reduction. 761 F.3d at 735. As in *Kim* and the instant case, the plaintiff did not claim that he was denied the pricing he saw advertised, that he did not receive the shirts that he selected, or that there was anything about the shirts themselves that made them defective or caused him to change his opinion about their value. *Id.* This Court found that this failed to allege a pecuniary loss under the ICFA because plaintiff could not plausibly allege that he paid more than the actual value of the

- 23 -

merchandise that he received. *Id.* at 739–40; *see also Benson*, 944 F.3d at 648 (finding the question is whether the customer paid more than "the actual value of the merchandise he received") (citing *Camasta*, 761 F.3d at 735, 740).

Plaintiff all but ignores both *Kim* and *Camasta*, referencing those decisions only in passing. (Plaintiff's Opening Brief ("Br.") at 15.) But *Kim* and *Camasta* dealt with allegations nearly identical to Plaintiff's allegations here under a statutory scheme that mirrors the WUTPA. Plaintiff's silence as to these cases underscores that she cannot distinguish them or otherwise challenge their reasoning.

Courts across the country have likewise dispensed with Plaintiff's argument under other states' "ascertainable loss," "actual damages," or "pecuniary loss" standards. Although Plaintiff says that only a "few" courts have done so, there is a growing nationwide consensus on the question. As noted above, in *Hennessey v. Gap, Inc.*, 86 F.4th 823, 826 (8th Cir. 2023), the Eighth Circuit recently affirmed the dismissal of a false-price-comparison case filed by Plaintiff's counsel for failure to allege injury. There, the plaintiff alleged that the defendants violated the Missouri Merchandising Practices Act ("MMPA") as a result of defendants' failure to sell a substantial quantity of products at advertised "regular" prices prior to selling them at advertised

"sale" prices, just like Plaintiff's allegations here. *Id.* at 825. "To recover damages under the MMPA, a private plaintiff must allege and prove" (among other things) that she "*suffered an ascertainable loss of money or property.*" *Id.* at 827. The Eighth Circuit considered and rejected both a benefit-of-the-bargain theory and a price-premium theory to determine whether the plaintiff suffered an ascertainable loss of money or property. That court emphasized that "an advertised prior comparison price does not create an ascertainable loss." *Id.* at 828. Because the plaintiff "paid the prices advertised at the time of sale and received the products she expected to receive," she could not proceed with her claims. *Id.*

Similarly, in *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 4–5 (1st Cir. 2017), the First Circuit rejected allegations that a plaintiff would not have purchased a sweater but for an allegedly deceptive reference price. Because the plaintiff "[did] not allege that the sweater she actually received was worth less than she paid," and because she did not allege "that the sweater was defective in some way," the First Circuit determined that she "fail[ed] to allege any pecuniary loss." *Id.* at 15. The First Circuit made clear that a "purchase-as-injury claim collapse[d] the [Massachusetts Supreme Judicial Court's] required distinction between deception and injury by attempting to

plead an assertion about a consumer's disappointed expectations of value in place of an allegation of real economic loss." *Id.* at 11; *see also Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 19 (1st Cir. 2017) (agreeing with *Shaulis* and affirming dismissal of false discount claims against Kohl's); *Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 681 (6th Cir. 2017) (holding that plaintiff had no "actual damages" under Ohio law because "[plaintiff] got what he paid for: a $27 item that was offered as a $27 item and that works like a $27 item").

Recent state court decisions concur. *See e.g.*, *Robey v. SPARC Grp. LLC*, 311 A.3d 463, 467 (N.J. 2024) ("Plaintiffs cannot assert a 'quantifiable or measurable' loss because they purchased non-defective, conforming goods with no objective, measurable disparity between the product they reasonably thought they were buying and what they ultimately received."); *Leigh-Pink v. Rio Props., LLC*, 512 P.3d 322, 327, 328 (Nev. 2022) ("Where a plaintiff received the value of their purchase, we conclude that they cannot demonstrate that they did not receive the benefit of their bargain or show any out-of-pocket losses, because the value of the goods or services they received is equal to the value that they paid.").

The district court properly considered and agreed with this abundant authority dismissing false reference price cases for failure to allege a

- 26 -

cognizable injury—whether that be "pecuniary loss," "ascertainable loss," or similar standards.[3]

### C.  Plaintiff Conflates the Elements of Her Cause of Action

Straining to avoid the straightforward conclusion that she failed to alleged pecuniary loss, Plaintiff erroneously argues that the Wisconsin Supreme Court's decision in *K&S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 732 N.W.2d 792 (Wis. 2007), compels a different result. Plaintiff improperly blurs the line between the elements of her cause of action in the process. (Br. at 17–18.) In *K&S Tool*, the Wisconsin Supreme Court considered the meaning of pecuniary loss in a related statute and held that the statute "requires a causal connection between the untrue, deceptive, or

---

[3] Plaintiff wrongly argues that the district court erred by relying on decisions from other jurisdictions and "never made the required determination of how Wisconsin's highest court would rule based on Wisconsin jurisprudence." (Br. at 14–16.) Yet this Court has recognized that absent "any authority from the relevant state courts," the district court should "examine the reasoning of courts in other jurisdictions addressing the same issue and applying their own law for whatever guidance about the probable direction of state law they may provide." *In re Zimmer, NexGen Knee Implant Prods. Liab. Litig.*, 884 F.3d 746, 751 (7th Cir. 2018) (citing *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007)). Plaintiff cites no Wisconsin decisions that it claims to be controlling. She thus has no basis to take issue with the district court's proper consideration of direction from courts analyzing other state's law with analogous statutes. *Id.*

- 27 -

misleading representation and the pecuniary loss." *K&S Tool*, 732 N.W.2d at 802. The plaintiff in *K&S Tool* contracted to purchase a 1,000-ton metal press. *Id.* at 796. After the plaintiff began using the press, however, the plaintiff "discovered that the press failed to function as expected" and learned that it had in fact "bought an 800-ton press." *Id.* at 797. There was thus no dispute that that there was a difference between what the plaintiff bargained for (a metal press with 1,000 tons of pressing force) and what the plaintiff received (a press with only 800 tons of force). Based on the plaintiff's testimony that it would not have purchased the press had it known that it was buying an 800-ton press, the Wisconsin Supreme Court held that "credible evidence support[ed] the jury's finding that [the defendant's] misrepresentation in the quotation *caused [the plaintiff] pecuniary loss.*" *Id.* at 803; *see also Mueller v. Harry Kaufmann Motorcars, Inc.*, 859 N.W.2d 451, 459 (Wis. Ct. App. 2014) (*K&S Tool*'s "holding concerned causation").

Plaintiff includes a "cleaned up" block quote from *K&S Tool*, which in turn quoted the trial court's jury instructions in that case:

> Plaintiff sustained a monetary loss as a result of the representation. In determining whether plaintiff's loss was caused by the representation, the test is whether plaintiff would have acted in its absence. Although the representation need not be the sole or only motivation for plaintiff's decision to buy the

product, it must have been a material inducement. *That is, the representation must have been a significant factor contributing to plaintiff's decision.*

(Br. at 18.)

Based on that emphasized language, Plaintiff says that all she needed to allege to establish a pecuniary loss is that "she bought the products online from Kohl's because of the false price comparisons." (*Id.* at 22.)  Not so.  The language that Plaintiff emphasizes does not address whether there was a pecuniary loss, but what plaintiff "needed to prove *pertaining to the causation element.*"  *K&S Tool* 732 N.W.2d at 802 (emphasis added).  The court in *K&S Tool* did not have occasion to address whether there was or was not a pecuniary loss, because the facts of that case made it crystal clear that the plaintiff received something less than what it had bargained for.  Nothing of that sort is alleged here.

The existence of a pecuniary loss is a separate element of Plaintiff's claim, distinct from causation and deception.  *See Coleman*, 2024 WL 3982694, at *9 ("[F]or a consumer to recover under Wis. Stat. § 100.20(5), the consumer must have suffered a pecuniary loss *that was caused by* a violation of an administrative rule promulgated under § 100.20."); *Zapadinsky*, 2023 WL

5116507, at *8 ("Not every violation of § 100.20 constitutes pecuniary loss for purposes of statutory standing . . . .").

Plaintiff suggests that "if consumers who were fraudulently induced into buying products [cannot] recover from the sellers who violate the rules," then the Wisconsin Administrative Code sections relating to reference prices is rendered meaningless. (Br. at 24.) But the regulation is not meaningless simply because Plaintiff cannot sue for damages. The WUTPA authorizes Wisconsin's Department of Agriculture, Trade, and Consumer Protection to enforce its own regulations and authorizes the Attorney General to "file a written complaint with the department alleging that the person named is employing unfair methods of competition in business or unfair trade practices in business or both." Wis. Stat. Ann. § 100.20(4). Regulations are still subject to government enforcement even if Plaintiff cannot bring a private cause of action.

In her effort to suggest that an alleged violation of the Wisconsin Administrative Code automatically confers a private cause of action, Plaintiff subsumes an editors' note—that "[a] person who suffers a monetary loss because of a violation of this chapter may sue the violator"—into that regulation. (Br. at 8.) But the regulation itself references Wis. Stat.

- 30 -

Ann. § 100.20, which in turn creates a private cause of action only for an individual who suffers a "pecuniary loss because of a violation." Wis. Stat. Ann. § 100.20(5). And that editors' note further acknowledges that to bring a private claim, a person must "suffer[] a monetary loss." In any event, the editors' note on which Plaintiff relies could not change the statute's language and does not purport to do so.

Many courts have rejected Plaintiff's argument that a consumer protection statute would be somehow rendered meaningless. In *Hennessey*, a plaintiff similarly argued that dismissing her claim would render meaningless a Missouri regulation that prohibited sellers from using comparison prices unless they were "actual, bona fide, and not illusory or fictitious." 86 F.4th at 830. The Eighth Circuit correctly recognized that argument as a diversion. "The issue on appeal," the Eighth Circuit emphasized, was "whether [the plaintiff] suffered an ascertainable loss." *Id.* Missouri's Attorney General could enforce those regulations, "but a private plaintiff suing for damages . . . must also prove an ascertainable loss." *Id.* In *Robey*, the Supreme Court of New Jersey likewise recognized that New Jersey's Attorney General did not need to establish an ascertainable loss to bring an enforcement action to enjoin conduct that violated New Jersey's

- 31 -

pricing regulations. 311 A.3d at 478. A private plaintiff, however, needed to plead an "ascertainable loss." *Id.*

Plaintiff thus cannot avoid the conclusion that to plead a cause of action, she must allege an ascertainable loss as a separate element of her claim.

**D. The Other Cases That Plaintiff Relies on are Inapposite, and Demonstrate the Insufficient Nature of Plaintiff's Injury**

In an effort to avoid the caselaw stacked against her theory of injury, Plaintiff points to Wisconsin cases involving entirely different species of injury from that presented by her case. Beyond her misplaced reliance on *K&S Tool*, discussed *supra* p. 27–29, Plaintiff contends that a trio of Wisconsin intermediate appellate court decisions support her allegations of pecuniary loss. (Br. at 23.) The district court considered and properly distinguished those cases, noting that in each "the plaintiff did not get what she paid for or was otherwise harmed in some way beyond just a misrepresentation." (RSA-007.)

Tellingly, Plaintiff does not discuss the facts of any of the Wisconsin cases that she cites—because they confirm that she has not suffered the type of pecuniary harm that courts interpreting the WUTPA have found sufficient

to state a claim. And despite repeatedly arguing that the district court erred by considering cases from outside Wisconsin, Plaintiff cites one non-Wisconsin decision (a decision from the Supreme Court of Oregon) that relied on the "I would not have made the purchase" theory that this Court has repeatedly rejected.

### 1. *Kaskin v. John Lynch Chevrolet-Pontiac Sales*

First, Plaintiff says that *Kaskin v. John Lynch Chevrolet-Pontiac Sales, Inc.*, 767 N.W.2d 394 (Wis. Ct. App. 2009), is "particularly relevant" and involved facts "analogous to those here." (Br. at 23.) But *Kaskin*'s facts could not have been more different. There, a plaintiff brought his truck to a repair shop for repairs. 767 N.W.2d at 396. The shop gave the plaintiff "a repair order that provided a preliminary estimate of one penny because [the shop] assumed the truck was under warranty." *Id.* at 396–97. The shop went on to perform several unauthorized repairs not covered by the warranty on the plaintiff's truck and charged $5,000 for doing so. *Id.* at 397. The plaintiff filed an action under the WUTPA, Wis. Stat. § 100.20, claiming that he never authorized any non-warranty repairs. *Id.* The court held that because the repair shop charged for repairs that the plaintiff did not authorize — without providing a written repair estimate with an estimated price — it caused the plaintiff to

suffer a pecuniary loss. *Id.* at 403. As the district court put it, "the plaintiff received repairs that he did not ask for." (RSA-007.)

*Kaskin* did not, as Plaintiff suggests, create a broad-brush rule that a pecuniary loss follows automatically from any violation of Wisconsin's Administrative Code. (Br. at 23.) The Wisconsin Court of Appeals squarely rejected that interpretation of *Kaskin* in *Masterclean Inc. v. Butler*, finding that there is no "presumption of pecuniary loss" under the WUTPA based on an alleged violation of the Wisconsin Administrative Code. No. 2014AP564, 2015 WL 569129, at *6 (Wis. Ct. App. 2015). As the *Masterclean* court put it, "the lynchpin of both the violation and the holding in *Kaskin* was the *absence of authorization* for the repairs performed." *Id.* (emphasis added).

In *Masterclean*, homeowners alleged that a contractor performed home repairs that were not set out in a written contract in violation of regulations promulgated by the Wisconsin Department of Agriculture, Trade, and Consumer Protection. *Id.* at *2. The evidence demonstrated, though, that the homeowners had verbally authorized the work to be performed. *Id.* at *8. The court determined that the jury's verdict in favor of the homeowner could not be sustained, as there was no evidence in the record supporting the jury's "finding that the lack of a written contract containing all material

- 34 -

terms and conditions caused the [homeowners] some pecuniary loss." *Id.* at *5. The court emphasized to pursue a recovery based on *Kaskin*, the homeowners had to prove that the contractor performed unauthorized work. *Id.* at *7.

Here, Plaintiff cannot allege that she was charged more than the amount that she agreed to pay or received something different than what she expected. Plaintiff, accordingly, cannot "get to square one with a *Kaskin*-based theory of recovery." *Id.*

### 2. *Mueller v. Henry Kaufman Motorcars, Inc.*

Plaintiff's reliance on *Mueller v. Henry Kaufman Motorcars, Inc.*, 859 N.W.2d 451, 459 (Wis. Ct. App. 2014), is similarly misplaced. According to Plaintiff, *Mueller* "rejected a limitation of 'pecuniary loss' damages to a benefit-of-the-bargain measure" and allowed a full refund. (Br. at 18–19.) But *Mueller* considered the measure of damages for a plaintiff who had indisputably suffered an economic loss, not whether an economic loss existed in the first place. In *Mueller*, a plaintiff purchased a used car from the defendant. 859 N.W.2d at 454. Hours after purchasing the car, however, the plaintiff began experiencing problems, including a blown gasket, leaks, a malfunctioning air conditioner, and more. *Id.* at 455. The court held that

"Wis. Stat. § 100.18 permits plaintiffs, *in some instances*, to recover a refund of the purchase price." *Id.* at 454 (emphasis added).

*Mueller* thus arose in a situation distinct from the one here. In *Mueller*, the plaintiff thought she purchased a drivable car but purchased an all-but-useless car with a laundry list of defects. The plaintiff therefore received something that could not serve its intended use. By contrast, Plaintiff here does not allege that the items that she purchased were defective, were not in the condition they were advertised to be in, or that they did not serve their intended purpose.

### 3. *Benkoski v. Flood*

Plaintiff cites *Benkoski v. Flood*, 626 N.W.2d 851 (Wis. Ct. App. 2001), stating only that "*Ben[k]oski* involved a claim for damages under section 100.20(5) predicated on the defendant's violation of specific provisions of Wisconsin's Administrative Code." (Br. at 19.) In *Benkoski*, a plaintiff leased lots in a mobile-home park from the park's operator. 626 N.W.2d at 854. The operator then violated a provision of the Wisconsin Administrative Code by unreasonably restricting the sale of the plaintiff's mobile homes. *Id.* That restriction "thwarted a potential sale" of one of the plaintiff's mobile homes for $6,500. *Id.* The court determined that although the case before it was not

a contract case, "the 'pecuniary loss' concept set out in Wis. Stat. § 100.20(5) [was] similar to this concept of damages set out in the law of contracts." *Id.* at 861. The court affirmed the trial court's award of expectation damages designed to put the plaintiff in the same place that he would have been absent the unreasonable restriction (*i.e.*, the purchase price and the plaintiff's advertising costs, doubled, and offset by the value of the mobile home still in his possession). *Id.* at 859, 861. *Benkoski* is simply inapplicable to the factual allegations here.

### 4. *Clark v. Eddie Bauer*

Finally, even though she repeatedly asserts that non-Wisconsin cases are irrelevant to deciding whether her damages theory can stand under Wisconsin law (*see* Br. at 14–16), Plaintiff points to the Oregon Supreme Court's decision in *Clark v. Eddie Bauer LLC*, 532 P.3d 880 (Or. 2023). In *Clark*, a consumer relied on (and the court accepted) the theory under Oregon law "that she would not have made" the purchase in question had she known how Eddie Bauer set its sales prices. *Id.* at 892*; see id.* at 893 ("[I]f plaintiff can prove that she would not have purchased defendants' garments had defendants not misrepresented their price history, plaintiff will satisfy the 'ascertainable loss' requirement."). But this Court has rejected that "I would

- 37 -

not have made the purchase" theory, and so have courts interpreting Wisconsin law. *See, e.g.*, *Camasta*, 761 F.3d at 735, 740 (concluding that the plaintiff's allegation that "he would not have purchased the six shirts" had he known about Jos. A. Bank's pricing practices did not establish pecuniary loss); *Benson*, 944 F.3d at 648 (concluding that the plaintiffs' allegations "that they would not have purchased the candy if they had known the amount of slack-fill" did not establish pecuniary loss because they "never said that the chocolates they received were worth less than the $9.99 they paid for them"); *Zapadinsky*, 2023 WL 5116507, at *8 ("Plaintiff purchased and received the Almonds and has not alleged any detriment or loss of value beyond the bare allegation that he would not have purchased them."). *Clark*, thus, has no application here.

* * * *

In sum, none of the Wisconsin cases that Plaintiff cites involved factual allegations even remotely like those alleged here. Those cases considered situations in which the plaintiff got something different than what was bargained for (*K&S Tool*), paid for services that were never authorized (*Kaskin*), received something that was defective and for all practical purposes unusable (*Mueller*), or was illegally prevented from realizing a sizable gain

(*Benkoski*).  The district court therefore properly distinguished each of those cases.  The one case that Plaintiff cites from outside Wisconsin relies on a damages theory that this Court has explicitly rejected and is inconsistent with Wisconsin law.

## II.    The District Court Correctly Held That It Did Not Have Subject-Matter Jurisdiction

Federal courts have "an independent obligation to ensure [they have] subject-matter jurisdiction."  *Sykes*, 72 F.4th at 206.  Courts can "raise an amount-in-controversy issue even if the parties do not."  *Id.* at 206 (citing *Webb v. FINRA*, 889 F.3d 853, 856 (7th Cir. 2018)).  Because the district court was obligated to determine subject-matter jurisdiction before hearing the case, the district court properly raised the issue and dismissed Plaintiff's Complaint because it was legally impossible for Plaintiff to meet the $5,000,000 jurisdictional minimum under CAFA.

The party invoking federal jurisdiction bears the burden of establishing that it exists.  *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021).  The plaintiff's allegations about the amount in controversy control, unless the court concludes to a legal certainty that the claim is for less than the jurisdictional amount, justifying dismissal.  *Sykes*, 72 F.4th at

205; *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 285, 288–89 (1938). The "'legal certainty' standard usually is straightforward when the plaintiff wants to be in federal court" because "the complaint will contain allegations that, if established at trial, would justify a judgment exceeding the jurisdictional minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

The legal certainty test, which was first established by the Supreme Court in *St. Paul Mercury*, provides, in part, that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." 303 U.S. at 288.

> But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Id.* at 289.

A district court must find and weigh "jurisdictional facts" to determine whether subject-matter jurisdiction exists. *See Sykes*, 72 F.4th at 206. In *Sykes*, two plaintiffs filed suit against an inferior vena cava ("IVC") filter manufacturer after they learned that the filter perforated their respective

- 40 -

IVC walls. *Id.* at 204. Both the plaintiffs became aware of the perforations after receiving a CT scan, despite the fact that neither "experienced any pain or complications prior to the scan or immediately after discovering the perforation." *Id.* The district court granted summary judgment in favor of defendants, finding that neither plaintiff could show a "present physical injury" or "actual injury" as required under state law. *Id.* at 205.

On appeal, this Court considered for the first time "whether there was a sufficient amount in controversy . . . to invoke federal subject-matter jurisdiction." *Id.* The record before this Court contained no evidence that either plaintiff suffered "pain or any other symptoms." *Id.* at 208. Because the plaintiffs "admitted they did not suffer the injuries alleged," the plaintiffs "[could not] rely in good faith on those allegations to satisfy the amount-in-controversy requirement." *Id.* at 209. The Court considered "whether a recovery of more than [the amount-in-controversy] would be legally impossible" by "apply[ing] the relevant state law to the evidence." *Id.* at 214. In doing so, the Court considered permissible theories of recovery under applicable state law and concluded with "legal[] certainty" that neither plaintiff could "have recovered the jurisdictional minimum when she filed her complaint." *Id.* at 216.

- 41 -

Here, the district court properly applied the legal certainty standard. The district court explained that Plaintiff's "theory of damages [was] based on her allegation that Kohl's falsely advertised that products she purchased were on sale when they were actually being sold at their regular price." (RSA-003.)  As a result, the district court found that Plaintiff's "theory for satisfying the amount in controversy turns on whether she is correct that she and other class members may be entitled to a refund under Wisconsin law." (RSA-004.)  Noting that Plaintiff did not allege that any product that she purchased was worth less than what she paid and that her allegation that she believed the product was worth more "[did] not qualify as a pecuniary loss," the district court concluded "that it [was] legally impossible for [Plaintiff] to satisfy the $5,000,000 amount-in-controversy."  (RSA-005, RSA-008.)[4]

---

[4] Plaintiff forfeited any argument that points to injunctive relief as a basis for establishing the amount in controversy.  Plaintiff has not appealed the district court's determination that she lacked standing to seek injunctive relief.  And as the district court noted, Plaintiff "[did] not provide a basis for assessing the value of that relief, so she forfeited the issue for the purpose of establishing jurisdiction."  (RSA-008.)  Plaintiff does not argue otherwise on appeal.

Plaintiff claims that "the district court erred by delving into the merits as part of its jurisdictional analysis." (Br. at 27 (citing *Sykes*, 72 F.4th at 214 n.11).) But *Sykes* expressly authorizes courts to find jurisdictional facts. *Sykes*, 72 F.4th at 206; *id.* at 214 n.11. The district court appropriately found jurisdictional facts as necessary to conclude that it lacked subject-matter jurisdiction over Plaintiff's claims. This Court should affirm the district court's decision.

## III. Alternatively, This Court Can and Should Affirm The District Court's Dismissal Because Plaintiff Failed To State A Claim Under Rule 12(b)(6)

Even though Plaintiff argues that the district court improperly reached the merits in determining there was no subject-matter jurisdiction, Plaintiff concedes that a remand on this basis would result in dismissal for failure to state a claim. (Br. at 27.) This Court can affirm the district court's dismissal on any ground that the record supports. *See Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 513 (7th Cir. 2020); *see also Parker v. U.S. Dep't of Hous. & Urb. Dev.*, No. 24-2567, 2025 WL 654977, at *2 (7th Cir. Feb. 28, 2025). In addition to the lack of subject-matter jurisdiction, the record supports dismissal of Plaintiff's claims for failure to state a claim under Rule 12(b)(6).

The district court's conclusion that Plaintiff has not and cannot allege that she suffered a pecuniary loss also means that her Complaint fails to state a plausible claim for relief. As the district court reasoned, to determine if a consumer suffered a pecuniary loss, "[t]he question is whether the customer paid more than 'the actual value of the merchandise he received.'" (RSA-005 (citing *Benson*, 944 F.3d at 648; *Camasta*, 761 F.3d at 735, 740).) If the answer is no, then "there is no pecuniary loss." (*Id.*)

Because Plaintiff "does not allege that any product she purchased was worth less than what she paid[,]" Plaintiff cannot allege a pecuniary loss under Wisconsin law. Thus, Plaintiff cannot state a claim for relief under WUTPA § 100.20. And because Plaintiff cannot allege that she suffered a pecuniary loss, she similarly cannot state a claim for unjust enrichment, nor is she entitled to injunctive relief. *See Hennessey*, 86 F.4th at 831; *Gerboc*, 867 F.3d at 679; *see also Camasta*, 761 F.3d at 740–41. Remanding this case on jurisdictional grounds would only prolong the inevitable: Plaintiff still cannot recover because she did not suffer a pecuniary loss. This Court should affirm the district court's order dismissing Plaintiff's Complaint for failure to state a claim.

- 44 -

## CONCLUSION

For the foregoing reasons, the district court's order should be affirmed.

Dated: April 21, 2025

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
  SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Tel.: (212) 735-3000

Matthew W. Wuest
Emma J. Jewel
GODFREY & KAHN S.C.
833 E. Michigan Street, Suite 1800
Milwaukee, WI 53202
Tel.: (414) 273-3500

Respectfully submitted,

*/s/ Lauri A. Mazzuchetti*

Lauri A. Mazzuchetti
Matthew F. Chakmakian
KELLEY DRYE & WARREN LLP
One Jefferson Road, Floor 2
Parsippany, NJ 07054
Tel.: (973) 503-5900

James B. Saylor
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich St.
New York, NY 10007
Tel.: (212) 808-7800

*Counsel for Defendants-Appellees Kohl's Corp. & Kohl's, Inc.*

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION, TYPEFACE
## REQUIREMENTS, AND TYPE-STYLE REQUIREMENT

I hereby certify that this brief complies with the type-volume limitations of Fed. R. App. 32(a)(7)(B) and Seventh Circuit Rule 32(c) because it contains 9799 words, excluding the parts exempted by Fed. R. App. P. 32(f).  I further certify that this brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and Seventh Circuit Rule 32(b) and the type-style requirements of Fed. R. App. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word and 14-point Book Antiqua font.

*/s/ Lauri A. Mazzuchetti*
Lauri A. Mazzuchetti

*Counsel for Defendants-Appellees*
*Kohl's Corp. & Kohl's, Inc.*

## CERTIFICATE OF SERVICE

I, Lauri A. Mazzuchetti, hereby certify that on April 21, 2025, I caused the foregoing Defendants-Appellees' Response Brief to be electronically filed with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system, which constitutes service on all counsel of record, registered filing users, pursuant to Federal Rule of Appellate Procedure 25(c)(2) and Circuit Rule 25(a).

*/s/ Lauri A. Mazzuchetti*
Lauri A. Mazzuchetti

*Counsel for Defendants-Appellees*
*Kohl's Corp. & Kohl's, Inc.*