No. 24-2188

In the
# United States Court of Appeals
### for the Seventh Circuit

---

MICHELLE CORTEZ GOMEZ, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiff-Appellant*,

v.

KOHL'S CORPORATION AND KOHL'S INC.,

*Defendants-Appellees*.

---

On Appeal from the United States District Court for the
Western District of Wisconsin, No. 3:23-cv-00678
Hon. James D. Peterson, United States District Judge

---

## PLAINTIFF-APPELLANT'S REPLY BRIEF

---

Martin Woodward
   *Counsel of Record*
KITNER WOODWARD PLLC
13101 Preston Road
Suite 110
Dallas, TX 75240
(214) 443-4300
*martin@kitnerwoodward.com*

Kiran N. Bhat
KELLER POSTMAN LLC
1101 Connecticut Avenue, N.W.,
Suite 1100
Washington, DC 20036
(202) 918-1123
*kiran.bhat@kellerpostman.com*

Ethan H. Ames
KELLER POSTMAN LLC
150 N. Riverside Plaza,
Suite 4100
Chicago, IL 60606
(312) 741-5220
*ethan.ames@kellerpostman.com*

*Counsel for Plaintiff–Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................ii

INTRODUCTION .................................................................................... 1

ARGUMENT........................................................................................... 2

    I.    Cortez establishes a "pecuniary loss" under
        Wisconsin law by alleging that Kohl's false price
        comparisons induced her to buy its products ........................ 3

        A.    A seller's violation of ATCP 124 that induces
                a buyer to make a purchase causes the buyer
                a pecuniary loss under Wis. Stat. § 100.20 ................... 4

        B.    The extra-jurisdictional cases Kohl's cites
                do not bear on Wis. Stat. § 100.20
                or its pecuniary loss element......................................... 8

    II.    The district court should only have assessed
        good faith under the "legal certainty" test,
        but it erred by taking up a merits issue instead .................. 11

CONCLUSION ...................................................................... 13

CERTIFICATE OF COMPLIANCE ...................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anicich v. Home Depot U.S.A., Inc.*,
  852 F.3d 643 (7th Cir. 2017) ............................................................. 3, 8

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
  761 F.3d 732 (7th Cir. 2014) ............................................................. 8, 9

*Clark v. Eddie Bauer LLC*,
  532 P.3d 880 (Or. 2023) ....................................................................... 10

*K & S Tool & Die Corp. v. Perfection Machinery Sales, Inc.*,
  732 N.W.2d 792 (Wis. 2007) ............................................. 4, 8, 9, 10, 11

*Kaskin v. John Lynch Chevrolet-Pontiac Sales, Inc.*,
  767 N.W.2d 394 (Wis. App. 2009) .................................... 5, 6, 9, 10, 11

*Kim v. Carter's Inc.*,
  598 F.3d 362 (7th Cir. 2010) ............................................................. 8, 9

*Mueller v. Henry Kaufman Motorcars, Inc.*,
  859 N.W.2d 451 (Wis. App. 2014) ........................................ 5, 9, 10, 11

*Pliss v. Peppertree Resort Villas, Inc.*,
  663 N.W.2d 851 (Wis. App. 2003) ........................................ 6, 9, 10, 11

*Sykes v. Cook Inc.*,
  72 F.4th 195 (7th Cir. 2023) ........................................................... 11, 12

*Zapadinsky v. Blue Diamond Growers*,
  No. 23-cv-231, 2023 WL 5116507 (E.D. Wis. Aug. 7, 2023) .............. 8, 9

**Statutes**

Wis. Stat. § 100.18 ................................................................... 4, 5

Wis. Stat. § 100.20 ................................................................ passim

**Regulations**

Wis. Admin. Code ATCP 110 ....................................................... 7

Wis. Admin. Code ATCP 121 ....................................................... 6

Wis. Admin. Code ATCP 124 .................................................. passim

Wis. Admin. Code ATCP 132 ....................................................... 5

## INTRODUCTION

A buyer suffers a "pecuniary loss" under Wis. Stat. § 100.20 when the seller's lies induce her to make a purchase she otherwise would not have made. Cortez alleges she bought products from Kohl's only because Kohl's falsely told her they were discounted from advertised "regular" prices Kohl's never actually charged. She therefore establishes a "pecuniary loss" of the amount she paid under controlling Wisconsin law.

Kohl's claims that to state a "pecuniary loss," Cortez must also plead the goods were defective or worth less than what she paid. This is incorrect. Kohl's echoes the district court's unwarranted reliance on the laws of states that—unlike Wisconsin—do not permit fraudulently induced buyers to recover more than a benefit-of-the-bargain measure of damages. And by tacitly recognizing that the validity of a damage theory is a merits issue, Kohl's highlights the district court's erroneous dismissal for lack of jurisdiction.

This Court should reverse.

1

**ARGUMENT**

Kohl's disputes neither the unique robustness of Wisconsin's consumer protection laws nor the tough, specific prohibitions in ATCP 124 against sellers using false reference prices. *Compare* Plaintiff-Appellant's Opening Brief ("OB") at 5–8 *with* Defendants-Appellees' Response Brief ("RB"). Nor does Kohl's contest that Wis. Stat. § 100.20 gives consumers a private right of action against defendants who violate regulations like ATCP 124. *See generally* RB.

Kohl's nevertheless defends the district court's conclusion that Kohl's alleged violation of ATCP 124 does not give rise to a "pecuniary loss" under Wis. Stat. § 100.20. Leaning into decisions interpreting the laws of states other than Wisconsin, it follows the district court in suggesting that a Wisconsin buyer fraudulently induced by a seller's violations of ATCP 124 must allege not only that they were defrauded, but also that the items they bought were defective or somehow worth less than what they paid.

But Wisconsin law has no such requirement. Every relevant Wisconsin decision is to the contrary. Kohl's violations of ATCP 124—its use of phony "regular" comparison prices—caused Cortez to suffer a

2

pecuniary loss under Wis. Stat. § 100.20 when she bought products as a result, and myriad Wisconsin opinions hold that the causal link Cortez pleads between Kohl's lies and her purchases satisfies the "pecuniary loss" element of Wis. Stat. § 100.20. No reasonable interpretation of Wisconsin law leads to a different conclusion, and non-Wisconsin decisions do not control the inquiry or otherwise change the equation.

**I.     Cortez establishes a "pecuniary loss" under Wisconsin law by alleging that Kohl's false price comparisons induced her to buy its products**

To justify the district court's use of extra-jurisdictional authority in interpreting Wis. Stat. § 100.20, Kohl's claims there are no controlling decisions from Wisconsin. RB at 27 n.3; *see also* RB at 2–3, 22–27, 31–32 (discussing non-Wisconsin cases). Incongruously, Kohl's also suggests Wisconsin decisions govern here. RB at 19–20; *see also* RB at 33–37 (attempting to distinguish Wisconsin authority Cortez cites).

A federal court's task in interpreting state law is to determine how the state's highest court would rule based on that court's decisions and those of intermediate appellate courts. OB at 14 (citing *Anicich v. Home Depot U.S.A., Inc.,* 852 F.3d 643, 648-49 (7th Cir. 2017)). Wisconsin decisions consistently hold that a plaintiff establishes a "pecuniary loss"

3

by showing a causal link between the defendant's wrongful conduct and the plaintiff's resulting payment of money. Kohl's arguments to the contrary are wrong, and cases that do not involve Wisconsin law support neither the district court nor Kohl's.

> A.    A seller's violation of ATCP 124 that induces a buyer to make a purchase causes the buyer a pecuniary loss under Wis. Stat. § 100.20

As the Wisconsin Supreme Court holds, the pivotal inquiry in assessing the "pecuniary loss" element of Wis. Stat. § 100.18—very closely related to Wis. Stat. § 100.20—is the existence of a causal connection between a defendant's representation and any action the plaintiff takes as a result. OB 17–18 (citing *K & S Tool & Die Corp. v. Perfection Machinery Sales, Inc.*, 732 N.W.2d 792 (Wis. 2007)). While Kohl's follows the district court in trying to distinguish *K & S Tool & Die Corp.* on the basis that the plaintiff set out to buy a 1000-ton press but received an 800-ton press (RB 27–29; RSA 007), the court's analysis affirming the jury's finding of a "pecuniary loss" focused entirely on whether the defendant's misrepresentations caused the plaintiff to make the purchase. *K & S Tool & Die Corp.*, 732 N.W.2d at 798–99, 802–03.

4

Crucially, no part of its reasoning equated the plaintiff's pecuniary loss with an empirical valuation of the press the plaintiff received. *Id.*

In assessing pecuniary loss under Wis. Stat. §§ 100.18 and 100.20, intermediate appellate decisions from Wisconsin likewise focus on the causal link between the defendant's wrongful acts and any resulting payment of money by the plaintiff. OB at 18-21 (citing cases). For example, *Mueller v. Henry Kaufman Motorcars, Inc.* did not turn on the condition of the car Sylvia Mueller bought; the court expressly rejected that her pecuniary loss is limited to a benefit-of-the-bargain measure of damages requiring an empirical valuation of the car. Instead, the court concentrated entirely on the causal link between the fraudulent representations and her purchase of the car, and it held her pecuniary loss includes all amounts she paid in the fraudulently induced buy. *Compare Mueller v. Henry Kaufman Motorcars, Inc.*, 859 N.W.2d 451, 458–60 (Wis. App. 2014) *with* RB at 35–36; RSA-007.

Likewise, *Kaskin v. John Lynch Chevrolet-Pontiac Sales, Inc.* involved a claim under Wis. Stat. § 100.20 based on the defendant's violation of ATCP 132 (requiring authorization for auto repairs), leading the court of appeals to pronounce "the following rule: where a general

5

order promulgated by DATCP under Wis. Stat. § 100.20(2) prohibits the retention or receipt of the customer's money, the consumer suffers a pecuniary loss under § 100.20(5) in the amount that was wrongfully retained or received." *Compare Kaskin v. John Lynch Chevrolet-Pontiac Sales, Inc.*, 767 N.W.2d 394, 402 (Wis. App. 2009) *with* RB at 33–35; RSA-007. Just as ATCP 124 prohibits Kohl's from making false price comparisons to induce sales of products, *Kaskin* holds Cortez suffers a pecuniary loss under Wis. Stat. § 100.20 in the amount she pays to Kohl's as a result. To similar effect is *Pliss v. Peppertree Resort Villas, Inc.*, 663 N.W.2d 851, 858 (Wis. App. 2003), finding a pecuniary loss under Wis. Stat. § 100.20 caused by a fraudulently induced sale of a time share in violation of ATCP 121.

The Wisconsin decisions Kohl's relies on are consistent. Kohl's cites *Coleman v. Picture Perfect Cable, Inc.* for the proposition that there is no pecuniary loss absent a causal connection between a prohibited practice under Wisconsin's administrative code and the damage incurred. RB at 19–20 (citing *Coleman v. Picture Perfect Cable, Inc.*, No. 2023AP448, 2024 WL 3982694, at *4 (Wis. App. Aug. 29, 2024)). In *Coleman*, a homeowner presented no evidence at trial that the defendant contractor's alleged

6

violations of ATCP 110—such as its failure to include manufacturers' warranties in a repair contract—induced her into making a downpayment for repairs. *Coleman*, No. 2023AP448, 2024 WL 3982694, at *5. This contrasts with Cortez's allegations that she would not have bought products from Kohl's absent Kohl's false comparison price statements that violate ATCP 124 (*e.g.*, SA-014 (¶ 37), SA-026 (¶ 77)) — the very causal link *Coleman* contemplates.

Kohl's also points to *Grand View Windows, Inc. v. Brandt*, on which *Coleman* relied, but this is just another example of a plaintiff failing to offer evidence of a causal link between a contractor's violations of ATCP 110 and her decision to contract. *See* RB at 20 (citing *Grand View Windows, Inc. v. Brandt*, 837 N.W.2d 611, 620 (Wis. App. 2013)). In *Grand View*, the homeowner failed to testify at trial "as to what she could have done had Grand View informed her that there would be a delay in beginning or completing the siding work" where the contractor's failure to so inform her violated ATCP 110. *Grand View*, 837 N.W.2d at 620. In contrast, Cortez's allegations tie Kohl's violations of ATCP 124 through its false advertising directly to her decision to purchase products from Kohl's. *See, e.g.*, SA-014 (¶ 37), SA-026 (¶ 77).

7

Wisconsin's Supreme Court has not considered the specific false price comparison scenario presented by the facts Cortez alleges. But if it did, it would conclude—consistently with its decision in *K & S Tool & Die Corp.* and the numerous appellate court decisions that examined the pecuniary loss element of Wis. Stat. § 100.20 in connection with various administrative code violations—that there is a direct causal connection between Cortez's allegations of fraudulently induced purchases resulting from Kohl's violations of ATCP 124, and that her allegations establish a pecuniary loss under controlling Wisconsin law.

B.    The extra-jurisdictional cases Kohl's cites do not bear on Wis. Stat. § 100.20 or its pecuniary loss element

Like the district court, Kohl's relies heavily on this Court's decisions in *Kim v. Carter's, Inc.*, 598 F.3d 362 (7th Cir. 2010) and *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732 (7th Cir. 2014). *See* RB at 2–3,12–13, 22–24.[1] But those cases do not involve Wis. Stat. 100.20 at all, and they do not bear on its interpretation. *Anicich*, 852 F.3d at 648–49.

---

[1] Kohl's also cites *Zapadinsky v. Blue Diamond Growers*, No. 23-cv-231, 2023 WL 5116507 (E.D. Wis. Aug. 7, 2023) (RB at 21–22). *Zapadinsky* is distinguishable on several grounds, including its unique procedural posture after the development of a substantial factual record. *See* OB at 16 n.14. It involved a different fact pattern about food mislabeling that did not rely on the false reference price provisions of ATCP 124.

8

Kohl's nevertheless asks this Court to apply its analysis of the actual damage element of the Illinois consumer statute, expressed as "actual pecuniary loss" (*Kim*, 598 F.3d at 365; *Camasta*, 761 F.3d at 739), to foreclose Cortez's claim under Wis. Stat. § 100.20 based on fraudulently induced sales because of Kohl's violations of ATCP 124. In essence, Kohl's asks this Court to hold that in any case challenging a seller's use of false reference prices, a consumer is limited to a benefit-of-the-bargain measure of damages under which they only have a claim if they allege that what they bought was defective or worth less than what they paid. *See* RB at 22–24.

Wisconsin law is not susceptible to this interpretation. Wis. Stat. § 100.20 grants consumers a private right of action when a seller's violation of a particular regulation causes the consumer to spend money. *K & S Tool & Die Corp.*, 732 N.W.2d at 798–99, 802–03; *Mueller*, 859 N.W.2d at 458–60; *Kaskin*, 767 N.W.2d at 402; *Pliss*, 663 N.W.2d at 858. And, unlike in Illinois or other jurisdictions, damages for a claim under Wis. Stat. §

---

*Zapadinsky*, 2023 WL 5116507, at *2. And, as the court specifically noted, the plaintiff did not respond to the motion to dismiss his claims based on his contention that he would not have purchased the product absent its alleged mislabeling, so he presented no argument on the point. *Id.* at *6. Additionally, the court relied on some cases interpreting Illinois law. *Id.*

100.20 are not limited to a benefit-of-the-bargain measure—they include what the consumer paid because the seller fraudulently induced them to make the transaction in the first instance. *K & S Tool & Die Corp.,* 732 N.W.2d at 798–99, 802–03; *Mueller,* 859 N.W.2d at 458–60; *Kaskin,* 767 N.W.2d at 402; *Pliss,* 663 N.W.2d at 858.

And Wisconsin is not alone among states that take this approach. While the Oregon Supreme Court's opinion in *Clark v. Eddie Bauer LLC,* 532 P.3d 880 (Or. 2023) (discussed at OB at 24) does not inform this Court's interpretation of Wis. Stat. § 100.20, it provides an example of another state that—unlike Illinois—does not limit consumers who were fraudulently induced by bogus "regular price" ads to benefit-of-the-bargain damages based on the actual value of the products they bought, but rather allows them to recover what they paid because the sellers lied to them.

While other states may bar claims challenging sales induced by false comparison prices unless the products were defective or worth less than what the buyer paid, Wisconsin expressly allows claims based on the fraudulent inducement of such sales, and it does not require allegations that the products had lower values than their purchase

10

prices. Thus, case law interpreting the statutes of states such as Illinois with "actual damage" requirements that limit consumers to benefit-of-the-bargain damages should not be applied to an analysis of Wisconsin law other than for contrast.

Cortez alleges that Kohl's violated specific provisions of ATCP 124 by lying to her about the "regular" prices of its products, and that she bought them as a result. She therefore states a claim under Wis. Stat. § 100.20, regardless of how this Court or others have interpreted the law of Illinois and other states. *K & S Tool & Die Corp.,* 732 N.W.2d at 798–99, 802–03; *Mueller*, 859 N.W.2d at 458–60; *Kaskin*, 767 N.W.2d at 402; *Pliss*, 663 N.W.2d at 858.

## II. The district court should only have assessed good faith under the "legal certainty" test, but it erred by taking up a merits issue instead

In *Sykes v. Cook Inc.*, this Court reiterates that the key to the "legal certainty" test is whether the plaintiff's amount-in-controversy allegations are made in good faith. 72 F.4th at 205–06. The Court also states squarely that "[w]hether the claims are legally cognizable under state law goes to the merits, not jurisdiction." *Id.* at 214 n.11. Yet, Kohl's reads *Sykes* to "expressly authorize[] courts to find jurisdictional facts,"

11

and it argues the district court's dismissal was therefore appropriate. RB at 43 (citing *Sykes v. Cook Inc.*, 72 F.4th 195, 206).

As this Court found, neither of the *Sykes* plaintiffs "suffered the injuries alleged in the master complaint. Neither plaintiff claims she had experienced pain or any other symptoms when she filed her complaint [….] a plaintiff does not act in good faith when she bases jurisdictional allegations on injuries she has not suffered." *Sykes*, 72 F.4th at 208; *see also id.* at 209 (cited in RB at 41) ("Patton and Sykes have admitted they did not suffer the injures alleged in the master complaint, so they cannot rely in good faith on those allegations to satisfy the amount-in-controversy requirement.").

The facts in *Sykes* are not analogous to those here. The district court did not find—and Kohl's does not assert—that Cortez failed to make any allegations in good faith, or that she was not fraudulently induced into buying products because Kohl's lied to her. There was thus no basis for the district court's dismissal on jurisdictional grounds under the "legal certainty" test. *See Sykes*, 72 F.4th at 205–06. The district court's erroneous assessment of the pecuniary loss element of Wis. Stat. § 100.20

was its only reason for dismissal, and Kohl's does not dispute that is a merits issue. *See* RB 39–44.

The district court misapplied the "legal certainty" test, and this Court should reverse its dismissal and its incorrect interpretation of Wis. Stat. § 100.20 and remand the case to the district court.[2]

## CONCLUSION

Wisconsin's strong consumer protection law allows fraudulently induced buyers misled by a seller's false price comparisons to recover what they paid. Cortez alleges that Kohl's violated Wisconsin law by lying to her about its purported "regular" prices, and, because of the lies, she paid money to Kohl's she otherwise would not have.

---

[2] In a footnote, Kohl's insinuates that Cortez does not seek reversal and remand of her request for injunctive relief. RB at 42 n.4 (citing RSA-008). This is incorrect, as Cortez challenges as error the district court's dismissal of her injunctive relief and unjust enrichment claims based on its misapplication of the "legal certainty" test. OB at 28. In any event, Cortez was not required to parse out her request for injunctive relief in her complaint and state separate, independent amount-in-controversy allegations supporting only that request in addition to her detailed amount-in-controversy allegations establishing the district court's jurisdiction generally. *See* OB at 11–12 (citing SA-067–70). Thus, the district court's statement that Cortez "does not provide a basis for assessing the value of [injunctive] relief, so she forfeited the issue for the purpose of establishing jurisdiction" (RSA-008) makes no sense.

13

Cortez thus establishes the requisite "pecuniary loss" under Wis. Stat. § 100.20 and states a claim that is not subject to dismissal. The district court's finding to the contrary was in error, as it rests on an unjustifiable expansion of "pecuniary loss" to also necessitate allegations that the products purchased were defective or otherwise worth less than the amount paid. While other states may have this requirement, Wisconsin does not.

The district court thus had no basis for dismissal—much less on jurisdictional grounds, as Cortez alleged in good faith that the amount in controversy requirement was satisfied. This Court should reverse, and it should remand this important Wisconsin consumer case in its entirety for further proceedings.

Dated: May 12, 2025                    Respectfully submitted,


                                By:    */s/ Martin Woodward*
                                       Martin Woodward
                                            *Counsel of Record*
                                       KITNER WOODWARD PLLC
                                       13101 Preston Road
                                       Suite 110
                                       Dallas, TX 75240
                                       (214) 443-4300
                                       *martin@kitnerwoodward.com*

14

Kiran N. Bhat
KELLER POSTMAN LLC
1101 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
(202) 918-1132
*kiran.bhat@kellerpostman.com*

Ethan A. Ames
KELLER POSTMAN LLC
150 N. Riverside Plaza
Suite 4100
Chicago, IL 60606
(312) 741-5220
*ethan.ames@kellerpostman.com*

*Counsel for Plaintiff-Appellant*

15

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and Circuit Rule 32(c) because, as calculated by Microsoft Word, it contains 2,881 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). I also certify that this brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Century Schoolbook font.

Dated: May 12, 2025                                */s/ Martin Woodward*
                                                   Martin Woodward

                                                   *Counsel for Plaintiff-Appellant*

16