

Kitner Woodward PLLC
13101 Preston Road, Suite 110
Dallas, Texas 75240

Tel.: 214-443-4300
Fax: 214-443-0358
www.kitnerwoodward.com

MARTIN WOODWARD
Direct Dial No. 214-443-4304
martin@kitnerwoodward.com

April 8, 2026

*Via Electronic Filing*
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

> Re:     *Cortez Gomez v. Kohl's Corp. and Kohl's Inc.*, No. 24-2188

Dear Mr. Conway:

This appeal turns on Wisconsin law. The Court must determine how Wisconsin's highest court would rule based on its decisions and those of Wisconsin's intermediate appellate courts. Dkt. 20 at 14.

Every relevant Wisconsin decision confirms that a buyer suffers a "pecuniary loss" under Wis. Stat. § 100.20 when a seller's false price comparisons induce her to make a purchase she otherwise would not have made. Dkt. 20 at 16–23.

Kohl's letter tacitly concedes this dispositive point. Having failed to show that Wisconsin authority supports its position, Kohl's now touts *Montes*, a Washington court's interpretation of a Washington statute. Dkt. 47.

Wis. Stat. § 100.20 has no "economic injury to business or property" requirement analogous to Washington's. The statute is different. *Montes* is irrelevant. *Compare Montes*, Dkt. 47-2, at ¶ 2 ("The issue in this case is whether a consumer suffers an economic injury in 'her business or property'") *with* Wis. Stat. § 100.20 ("Any person suffering pecuniary loss … may sue for damages therefor[.]").

While other states may restrict damages for fraudulently induced buyers, Wisconsin holds that such damages are recoverable. *Compare Montes*, Dkt. 47-2 ¶ 38 (listing states) *with* Dkt. 20 at 16–23 (citing Wisconsin cases).

Wisconsin unequivocally prohibits sellers from making false price comparisons, and—under one of the strongest state consumer protection laws in the nation—it gives fraudulently induced buyers a remedy in damages. Dkt. 20 at 5–8.

The Court should reject Kohl's misdirection. It should apply Wisconsin law, and it should reverse the district court.

Respectfully submitted,

*/s/Martin Woodward*
Martin Woodward

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this response to a supplemental authority letter conforms to Fed. R. App. P. 28(j), 32, and Cir. R. 32.

1. This response to a supplemental authority letter complies with the type-volume limitations set forth in Fed. R. App. P. 28(j), because the body of this letter contains 254 words based on the "Word Count" feature of Microsoft Word.

2. This response to a supplemental authority letter complies with the typeface and type style requirements set forth in Cir. R. 32 because the response has been prepared in a proportionally-spaced typeface using Microsoft Word in 12-point Century Schoolbook font.

*/s/Martin Woodward*
Martin Woodward

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2026, I electronically filed the foregoing response to a Fed. R. App. P. 28(j) supplemental authority letter with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/Martin Woodward*
Martin Woodward